LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

**08 CV 3903**

Attorneys for Plaintiff
STRATEGIC BULK CARRIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STRATEGIC BULK CARRIERS,

                                        Plaintiff,

    - against -

JSC BELARUSSIAN SHIPPING CO. a/k/a
JOINT STOCK COMPANY BELARUSSIAN
SHIPPING CO. a/k/a BELARUSSIAN SHIPPING
COMPANY a/k/a BELORUSSIAN SHIPPING
COMPANY a/k/a BELARUSIAN SHIPPING CO.;
LAKEPARK EXPERTS LIMITED; PRIMETRANS
UNIVERSAL, INC.; EURASIA SHIPPING AND PORT
SERVICES LLP,
                                        Defendants.
-------------------------------------------------------------X



ECF CASE
08 Civ

RECEIVED
APR 25 2008
U.S.D.C. S.D.N.Y.
CASHIERS

**VERIFIED COMPLAINT**

        Plaintiff STRATEGIC BULK CARRIERS ("SBC"), by its attorneys, Lyons & Flood,

LLP, as and for its Verified Complaint against defendant, JSC BELARUSSIAN SHIPPING CO.,

a/k/a JOINT STOCK COMPANY BELARUSSIAN SHIPPING CO. a/k/a BELARUSSIAN

SHIPPING COMPANY a/k/a BELORUSSIAN SHIPPING COMPANY a/k/a BELARUSIAN

SHIPPING CO. ("BELARUSSIAN"), LAKEPARK EXPERTS LIMITED ("LAKEPARK"),

PRIMETRANS UNIVERSAL, INC. ("PRIMETRANS"), and EURASIA SHIPPING AND PORT

PORT SERVICES LLP ("EURASIA"), alleges upon information and belief as follows:

        1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the action falls within the Court's subject matter

jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists

because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq.*

2.     At all material times, plaintiff SBC was and still is a corporation organized and existing under the laws of a foreign country, and was the disponent owner of the M/V DONNA V ("the Vessel").

3.     Upon information and belief, at all material times, defendant BELARUSSIAN was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Minsk, Belarus, and was the sub-charterer of the Vessel.

4.     Upon information and belief, at all material times, defendant LAKEPARK was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Auchland, New Zealand, and is a paying agent of defendant BELARUSSIAN.

5.     Upon information and belief, at all materials times, defendant PRIMETRANS was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in Tortola, British Virgin Islands, and is a paying agent of defendant BELARUSSIAN.

6.     Upon information and belief, at all material times, defendant EURASIA was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business in London, United Kingdom, and is a paying agent of defendant BELARUSSIAN.

7.     By NYPE Time Charter dated June 22, 2007, plaintiff SBC chartered the Vessel from owner Hydra Hong Kong Limited ("Hydra").

8.    Subsequently, by a time charter dated February 25, 2008 (the "Charter Party") plaintiff SBC sub-chartered the Vessel to defendant BELARUSSIAN.

9.    Pursuant to the terms of the Charter Party, defendant BELARUSSIAN was required to redeliver the Vessel to one of the following redelivery zones: Gibraltar, Baltic Sea/ Black Sea / Mediterranean Sea, Durban, or Singapore / Japan prior to May 5, 2008, the expiration date of the Charter Party.

10.    On or about April 23, 2008, defendant BELARUSSIAN notified plaintiff that the Vessel would be redelivered in Sabang, Indonesia on April 25, 2008, a port that is outside the redelivery zones permitted by the Charter Party.

11.    Defendant BELARUSSIAN's refusal to redeliver the Vessel within one of the redelivery zones provided for in the Charter Party, represents an anticipatory breach of the Charter Party.

12.    Plaintiff SBC will suffer damages as a result of defendant's breach because it will be forced to incur significant delays and expenses in steaming the Vessel from Sabah to Singapore.

13.    Upon delivery of the Vessel to defendant BELARUSSIAN under the Charter Party, the Vessel had approximately 661 metric tons of intermediate fuel oil and 29 metric tons of marine gas oil aboard.

14.    Pursuant to Clause 3 of the Charter Party, defendant BELARUSSIAN was required to redeliver the Vessel with the same amount of bunkers as the Vessel had aboard on delivery.

15.    Defendant BELARUSSIAN, has wrongfully and in breach of the Charter Party, failed to remit payment for the bunkers it was obligated to provide on redelivery of the Vessel.

16.    As a direct and proximate result of defendant BELARUSSIAN's breach of the Charter Party, plaintiff SBC has incurred damages in the amount of $213,783.31, as broken down in the hire statement annexed hereto as Exhibit A.

17.    Pursuant to the terms of the Charter Party, disputes between plaintiff SBC and defendant BELARUSSIAN are subject to English law and London arbitration.

18.    Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

19.    Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amount awarded at a rate of approximately 7.5% per annum, pro rata, compounded at three monthly rests.  Plaintiff has therefore calculated the interest on the sum set forth in paragraph ¶15 of the Verified Complaint herein based on that interest rate for a period of two years.

20.    Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendants.  These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

21.    Plaintiff SBC hereby demands:

(a) Payment of $213,783.31 as security for the sums due and owing to plaintiff under the Charter Party;

(b) Payment of $34,252.72 as security to cover interest on the amount in paragraph (a) above as recoverable under English law.  Plaintiff reserves the right to amend the demand herein in the event the amount in paragraph (a) above increases over time; and

(c) Payment of $100,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law. Plaintiff reserves the right to amend the demand in the event the legal costs increase over time.

**Total**            **$348,036.03**

22.    It is not general practice in the maritime community, nor anywhere else, for independent companies to make large payments on behalf of other independent companies. However, during the charter party, defendants LAKEPARK EXPERTS LIMITED, PRIMETRANS UNIVERSAL, INC., and EURASIA SHIPPING AND PORT SERVICES LLP have remitted charter party payments to the benefit of plaintiff on behalf of defendant BELARUSSIAN.

23.    Upon information and belief, defendants LAKEPARK, PRIMETRANS, and EURASIA make payments on BELARUSSIAN's behalf although they have no contractual obligation to BELARUSSIAN's creditors.

24.    Upon information and belief, defendants LAKEPARK, PRIMETRANS, and EURASIA are paying agents, funding agents and/or receiving agents of BELARUSSIAN such that LAKEPARK, PRIMETRANS, and EURASIA are now, or will soon be, holding assets belonging to BELARUSSIAN and vice versa.

25.    In the further alternative, and upon information and belief, defendants are affiliated companies such that LAKEPARK, PRIMETRANS, and EURASIA are now, or will soon be, holding assets belonging to BELARUSSIAN and vice versa.

26.    In the further alternative, and upon information and belief, LAKEPARK, PRIMETRANS, and EURASIA are aliases of defendant BELARUSSIAN.

27.    The defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, defendants have, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court held in the hands of garnishees, which are believed to be due and owing to the defendants.

WHEREFORE, plaintiff STRATEGIC BULK CARRIERS, prays that:

a.    process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant citing it to appear and answer under oath all and singular the matters alleged;

b.    since the defendants cannot be found within this District, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching all of the defendants' tangible or intangible property in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District, in the amount of $348,036.03 to secure plaintiff SBC's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

d.    judgment be entered by this Court in favor of plaintiff and against defendants

enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered

on the claims set forth herein; and

      e.      plaintiff has such other, further, and different relief as this Court may deem just

and proper.

Dated: April 25, 2008

                                 LYONS & FLOOD, LLP
                                 Attorneys for Plaintiff
                                 STRATEGIC BULK CARRIERS

          By:                                                                            
                                 Jon Werner (JW-5000)
                                 Kirk M. Lyons (KL-1568)
                                 65 West 36th Street, 7th Floor
                                 New York, New York 10018
                                 (212) 594-2400

U:\kmhldocs\2502025\Legal\Verified Complaint.doc

## VERIFICATION

Jon Werner, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff STRATEGIC BULK CARRIERS, in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff STRATEGIC BULK CARRIERS, is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on:   April 25, 2008

_____
Jon Werner

U:\kmhldocs\2502025\Legal\Verified Complaint.doc

# EXHIBIT A

4/24/2008

| | | HIRE STATEMENT MV DONNA V/VOY 6 BELARUSSIAN | | | | | |
|---|---|---|---|---|---|---|---|
| | | CP DATED FEB. 25, 2008 | | | | | |
| | | | | | | | |
| HIRE | FM: | 3/14/2008 0:06 | GMT | | | | |
| | TO: | 4/25/2008 3:00 | GMT | | | | |
| | NO DAYS | 42.12083 | RATE | $33,000.00 | | | $1,389,987.50 |
| | | | | | | | |
| 3.75% COMM.S | | | | | | $52,124.53 | |
| | | | | | | | |
| | | QUANTITIES | PRICE | | | | |
| BOD | FUEL | 661.630 | $500.00 | | | | $330,815.00 |
| | DIESEL | 29.230 | $800.00 | | | | $23,384.00 |
| | | | | | | | |
| BOR | FUEL | 183.312 | $500.00 | | | $91,656.00 | |
| | DIESEL | 26.180 | $800.00 | | | $20,944.00 | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| BUNKER PRICE DIFFERENCE: | | | | | | | |
| IFO: STEMMED USD 572/MTS MINUS C/P PRICE USD 500 /MTS X 478.31MTS | | | | | | | $34,438.32 |
| MGO: STEMMED USD 1,097/MTS MINUS C/P PRICE USD 800 / MTS X 3.05MTS | | | | | | | $905.85 |
| AGENCY FEE IN SINGAPORE: BUNKER CALL ONLY | | | | | | | $5,000.00 |
| ESTIMATED SAILING TIME FROM SABANG TO SINGAPORE: 2 DAYS X $33,000.00 | | | | | | | $66,000.00 |
| BUNKERING TIME IN SINGAPORE: 1 DAY X $33,000.00 | | | | | | | $33,000.00 |
| 3.75 COMMS | | | | | | $3,712.50 | |
| | | | | | | | |
| C/V/E USD1200/MONTH | | | | | | | $1,684.83 |
| | | | | | | | |
| ILOHC | | | | | | | $4,500.00 |
| | | | | | | | |
| OWNERS ITEMS | | | | | | | |
| UPON PRESENTATION | | | | | | | |
| | | | | | | | |
| PYMT 1 | | | | | | $830,829.66 | |
| PYMT 2 | | | | | | $97,000.00 | |
| PYMT 3 | | | | | | $203,000.00 | |
| PYMT 4 | | | | | | $176,437.50 | |
| PYMT 5 | | | | | | $200,228.00 | |
| | | | | | | | |
| TOTAL | | | | | | $1,675,932.19 | $1,889,715.50 |
| | | | | | | | |
| BALANCE DUE TO OWNERS SBC | | | | | | $213,783.31 | |